USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-1516

 DAVID DANIELS,

 Plaintiff, Appellant,

 v.

 DIAMOND GIRL FISHERIES, INC.,

 Defendant, Appellee.

No. 97-1709

 DAVID DANIELS,

 Plaintiff, Appellee,

 v.

 DIAMOND GIRL FISHERIES, INC.,

 Defendant, Appellant.

 ____________________

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. George A. O'Toole, Jr., U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Aldrich, Senior Circuit Judge,
 and Boudin, Circuit Judge.
 
 

 ____________________

 Thomas M. Bond with whom David B. Kaplan and The Kaplan/Bond
Group were on brief for David Daniels.
 Joseph A. Regan with whom Paige L. Tobin and Regan & Kiely LLPwere on brief for Diamond Girl Fisheries.

July 1, 1998

 
 

 ALDRICH, Senior Circuit Judge. According to the
 complaint filed March 18, 1996, plaintiff David Daniels, when
 a member of the crew of the lobster vessel F/V DIAMOND GIRL,
 injured his back, on or about April 1, 1993, as the result of
 an incident in the pilot house with the captain. Either the
 captain pushed him against a console on his way to the galley
 for a cup of coffee (plaintiff's account), or plaintiff,
 "horsing around," grabbed the captain from behind and they both
 stumbled and plaintiff fell against a couch (captain's
 account). Plaintiff had been with the vessel for some time
 and, admittedly, had engaged in such horseplay with the captain
 (without injury) on a prior occasion.
 Plaintiff brought suit for negligence under the Jones
 Act, 46 U.S.C. 688, as well as for unseaworthiness and
 maintenance and cure. The jury found for the defendant on
 negligence and unseaworthiness, and plaintiff appeals on the
 ground that the court improperly admitted a recorded statement
 of an absent witness under Fed. R. Evid. 804(b)(5), now Rule
 807, substantially confirming the captain's testimony. On
 these counts we affirm.
 Without going into details, this ruling stretched the
 residual hearsay exception, intended for exceptional occasions,
 perhaps to the breaking point. But also, in our opinion, the
 captain's account is so strong, when viewed against plaintiff's
 extraordinary one, that we are not interested in a new trial
 simply because it was, perhaps, wrongfully corroborated. 
 Plaintiff's account was, "The captain came by me, pushed me out
 of the way. And in the process of doing that, I banged my back
 on the edge of the console and had nothing but trouble ever
 since." Passing the fact that plaintiff waited two years and
 11 months before suing, "nothing but trouble" consisted of
 remaining with the DIAMOND GIRL, at a full percentage share,
 for a year and a half, leaving, when her earnings decreased, to
 go first with one, and then another, vessel, in each case
 stating, in writing, that he was well and capable of doing a
 full job. Equally, why would the captain leave the wheel, when
 they were running a river to the dock, to enjoy a cup of
 coffee, when he could readily have asked plaintiff to get him
 one, or, at the least, put him at the wheel rather than shove
 him against the console and depart? All this may have
 happened, but we think one trial is enough.
 There is a second matter, the jury's award of
 maintenance and cure, which defendant appeals. Plaintiff's
 demands, and the jury findings, may seem large, particularly
 having in mind that he continued to work on board defendant's
 vessel (and even signed a receipt for reimbursement for a
 chiropractor, but denied having been paid), but the appeal was
 not well taken. It reads, "from the Jury Verdict on Count III
 of the plaintiff's complaint . . . and the court order denying
 Judgment as a Matter of Law entered in this action . . . ." It
 is elementary that one cannot appeal from a verdict, but only
 from some order of the court, for example, denying a motion to
 set the verdict aside as excessive. Defendant failed to file
 such a motion. The motion for judgment as a matter of law was
 procedurally proper, but substantively inappropriate because
 there was at least some evidence in plaintiff's favor that
 could have been credited.
 Affirmed. No costs to either party.